UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JAMES L. TOLLIVER,

      Plaintiff,

v.                                                    Case No. 3:22-cv-871-MMH-JBT

RICKY DIXON, et al.,

      Defendants.

_____

## **ORDER**

Plaintiff James L. Tolliver, an inmate of the Florida penal system, initiated this action on August 9, 2022, by filing a pro se Civil Rights Complaint (Complaint; Doc. 1). The Court dismissed the Complaint without prejudice as a shotgun pleading and afforded Tolliver an opportunity to amend.[1] See Order (Doc. 3). Before the Court is Tolliver's amended complaint filed pursuant to 42 U.S.C. § 1983 (AC; Doc. 4), along with a motion to proceed in forma pauperis (Doc. 5) and a motion to appoint counsel (Doc. 7). Tolliver names as Defendants (1) Florida Department of Corrections (FDOC) Secretary Ricky Dixon; (2) Corizon Health, Inc.; (3) Centurion of Florida, LLC; (4) Union Correctional Institution (UCI) Dr. L. Quinones; (5) UCI Dr. J. Aviles; (6) UCI Dr. Asbelti

_____

[1] The Court cautioned Tolliver that failure to correct the deficiencies identified in the Order could result in dismissal of the action without further notice. Doc. 3 at 11.

Llorens Cordero; (7) UCI Dr. Ernesto L. Toledo; (8) UCI Dr. R. Rodrigues; (9) UCI Dr. E. Perez-Lugo; (10) UCI Nurse J. Putney; and (11) UCI Dr. R. Lafontant.[2] AC at 2-4. Tolliver asserts that "for over 14 years" the Defendants violated his rights under the Eighth Amendment when they denied him various medical treatments, including surgeries for his back, hernia, diverticulosis, and osteoarthrosis. Id. at 8, 17.

The Prison Litigation Reform Act (PLRA) requires the Court to dismiss this case at any time if the Court determines that the action is frivolous, malicious, fails to state a claim upon which relief can be granted or seeks monetary relief against a defendant who is immune from such relief.[3] See 28 U.S.C. §§ 1915(e)(2)(B); 1915A. "A claim is frivolous if it is without arguable merit either in law or fact." Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001) (citing Battle v. Cent. State Hosp., 898 F.2d 126, 129 (11th Cir. 1990)). A complaint filed in forma pauperis which fails to state a claim under Federal Rule of Civil Procedure 12(b)(6) is not automatically frivolous. Neitzke v. Williams, 490 U.S. 319, 328 (1989). Section 1915(e)(2)(B)(i) dismissals should only be ordered when the legal theories are "indisputably meritless," id. at 327,

---

[2] Tolliver sues Dixon and Centurion in their individual and official capacities. AC at 2-3. He sues Corizon in its official capacity and the remaining Defendants in their individual capacities. Id. at 2-4.

[3] Tolliver filed an application to proceed as a pauper. Doc. 5.

or when the claims rely on factual allegations which are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 32 (1992). "Frivolous claims include claims 'describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar.'" Bilal, 251 F.3d at 1349 (quoting Neitzke, 490 U.S. at 328). Additionally, a claim may be dismissed as frivolous when it appears that a plaintiff has little or no chance of success. Id. As to whether a complaint "fails to state a claim on which relief may be granted," the language of the PLRA mirrors the language of Rule 12(b)(6), Federal Rules of Civil Procedure, and therefore courts apply the same standard in both contexts.[4] Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997); see also Alba v. Montford, 517 F.3d 1249, 1252 (11th Cir. 2008).

The Court must read a plaintiff's pro se allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519 (1972). And, while "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed," Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998), "'this leniency does not give the court a license to serve as de facto counsel for a party or to rewrite an otherwise deficient

---

[4] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

pleading in order to sustain an action.'" Alford v. Consol. Gov't of Columbus, Ga., 438 F. App'x 837, 839 (11th Cir. 2011) (quoting GJR Invs., Inc. v. Cnty. of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998) (internal citation omitted), overruled in part on other grounds as recognized in Randall v. Scott, 610 F.3d 701, 709 (11th Cir. 2010)); Freeman v. Sec'y, Dept. of Corr., 679 F. App'x 982, 982 (11th Cir. 2017).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) the defendant deprived him of a right secured under the United States Constitution or federal law, and (2) such deprivation occurred under color of state law. Salvato v. Miley, 790 F.3d 1286, 1295 (11th Cir. 2015); Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011) (per curiam) (citation omitted); Richardson v. Johnson, 598 F.3d 734, 737 (11th Cir. 2010) (per curiam) (citations omitted). Moreover, under Eleventh Circuit precedent, to prevail in a § 1983 action, a plaintiff must show "an affirmative causal connection between the official's acts or omissions and the alleged constitutional deprivation." Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986) (citation omitted); Porter v. White, 483 F.3d 1294, 1306 n.10 (11th Cir. 2007). More than conclusory and vague allegations are required to state a cause of action under 42 U.S.C. § 1983. See L.S.T., Inc., v. Crow, 49 F.3d 679, 684 (11th Cir. 1995)

(per curiam); <u>Fullman v. Graddick</u>, 739 F.2d 553, 556-57 (11th Cir. 1984). As such, "'conclusory allegations, unwarranted deductions of facts, or legal conclusions masquerading as facts will not prevent dismissal.'" <u>Rehberger v. Henry Cty., Ga.</u>, 577 F. App'x 937, 938 (11th Cir. 2014) (per curiam) (citation omitted). In the absence of well-pled facts suggesting a federal constitutional deprivation or violation of a federal right, Tolliver cannot sustain a cause of action against the Defendants.

A civil rights complaint must include a short and plain statement of the claim showing that the plaintiff is entitled to relief. Fed. R. Civil P. 8(a)(2). While not required to include detailed factual allegations, a complaint must allege "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009). Indeed, a complaint is insufficient "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" <u>Id.</u> (quoting <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 557 (2007)). A plaintiff must allege sufficient facts "that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Id.</u>

In the AC, Tolliver still has not presented allegations sufficient to support a claim for an Eighth Amendment violation against the Defendants.[5] Tolliver's factual allegations largely remain the same as in his original Complaint. Although he now provides the Court with a list of numerous, seemingly unrelated ailments for which the Defendants refused to provide surgeries, he does not specify what each Defendant individually did or failed to do to support a plausible deliberate indifference claim. See AC at 8. Rather, he merely inserts a list of the Defendants into the paragraphs of his AC. See id. at 12 ("On 4/23/14, the Plaintiff had an x-ray of the cervical spine. Dr. Timothy Dineen stated that the Plaintiff had degenerative disc disease with cervical spasm & spondylosis. Defendants Dixon, Corizon, Centurion, Rodriques, Lugo, Putney, Lafontant, Quinones, Aviles, Llorens, Toledo, refuse[d] to submit the paper work for the surgery needed to stop the pain of the Plaintiff.") (emphasis omitted). As such, Tolliver does not plead sufficient facts to allow the Court to draw the reasonable inference that the Defendants had subjective knowledge of a serious medical need and disregarded that risk. See Hoffer v. Sec'y, Fla. Dep't of Corr., 973 F.3d 1263, 1270 (11th Cir. 2020).

---

[5] Tolliver also asserts that the Defendants violated the Americans with Disabilities Act and the Rehabilitation Act. AC at 9. However, he does not include such violations as separate counts and fails to allege even the elements of a cause of action under those statutes. See generally id.

His conclusory assertions are insufficient to state a claim for relief. Therefore, because Tolliver has not corrected the pleading deficiencies despite being afforded an opportunity to do so, this action is due to be dismissed without prejudice for his failure to state a claim upon which relief can be granted.

Therefore, it is now

**ORDERED AND ADJUDGED:**

1.     This action is **DISMISSED WITHOUT PREJUDICE**.

2.     The Clerk of Court shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close the case.

**DONE AND ORDERED** at Jacksonville, Florida, this 22nd day of November, 2022.

**MARCIA MORALES HOWARD**
United States District Judge

Jax-9 11/22
C:     James L. Tolliver #J09505

7